**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**IN RE:  GARY AND PAMELA PRICE**                    **CASE NO. 3:06-bk-15813**
**DEBTORS**                                                              **CHAPTER 13**

---

**GARY L PRICE; and**                                              **Debtors/Plaintiffs**
**PAMELA J PRICE**

**v.**                                       **AP NO. _____**


**AMERICA'S SERVICING COMPANY**                                   **Defendant**

---

**COMPLAINT SEEKING DAMAGES**
**IN A CORE ADVERSARY PROCEEDING**

COME NOW the Debtors/Plaintiffs (hereinafter referred to as "Plaintiffs"), by and

through their attorney of record, Crawley & DeLoache, PLLC, and files the within

Complaint Seeking Damages in a Core Adversary Proceeding, as state as follows:

**Introduction**

1.     This is an action for actual and punitive damages filed by the Plaintiffs

pursuant to Sections 105 and 362, 501, 502, 503 and 506 of the Bankruptcy Code;

Rules 2016 and 7001 Bankruptcy Rules; the Fair Debt Collection Practices Act, 15

U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"); and the Real Estate

Settlement and Procedures Act, Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title

12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of

Regulation X (hereinafter referred to as "RESPA") to recover statutory damages, actual

damages, punitive damages, reasonable attorney's fees and costs.

2.     This action is also filed to determine the nature and value of

Defendant's claim, if any.

3.     Plaintiffs reserve the right to amend this Complaint, upon Court approval, should new allegations arise in the course of discovery.

### Jurisdiction and Venue

4.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Plaintiff in that case.

5.     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

6.     This Court also has jurisdiction to hear the FDCPA violations pursuant to Section 1692 of Title 15 of the United States Code and the RESPA violations pursuant to Section 2614 of Title 12 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7.     The Plaintiffs are informed and believe that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8.     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

9.     The Plaintiffs in this case are Debtors under Chapter 13 of Title 11 of the United States Code in case number 06-15813, which case is presently pending before this court.

10. The Defendant, America's Servicing Company (hereinafter referred to "ASC"), upon information and belief, is a foreign corporation engaged in the business of, among other things, servicing mortgages and collecting debts thereon, with a principle place of business located at 7495 New Horizon Way, Frederick, MD 21703.

**Facts**

11. The Plaintiff's Chapter 13 case was commenced by the filing of a voluntary petition with the Clerk of this Court on December 18, 2006.

12. Plaintiffs owe a disputed amount to an unknown holder of a loan secured by a mortgage on their residential real estate. To the best of their knowledge, information and belief, said loan is serviced by ASC.

13. Plaintiffs believe that the true holder and owner of their mortgage note is an unknown securitized trust with US Bank National Association serving as trustee.

14. The loan is secured by a mortgage on real property which serves as the Plaintiffs' principal residence, denoted by a mailing address of 613 Sumack, Trumann, AR 72472 (hereinafter referred to as "their home"). Plaintiffs estimate that the fair market value of their home is $110,000.00.

15. Prior to the bankruptcy filing, the Plaintiffs mortgage was placed in foreclosure status.

16. Prior to the bankruptcy filing, ASC charged Plaintiffs' account for forced placed insurance in the amount of $1195.00 on at least one occasion, in spite of the fact that Plaintiffs have always held appropriate and contractually required insurance on the property and in spite of the fact that the said coverage has never lapsed. (See attached Plaintiffs' Exhibits "A1," "A2," and "A3" incorporated herein by this reference).

17. Additionally, Plaintiffs' elected, pursuant to their mortgage documents, to pay hazard insurance and property taxes directly and did not create an escrow account to pay said expenses through their mortgage servicer.

18.   ASC filed a sworn Proof of Claim on or about January 31, 2007.  The Proof of Claim as filed with the Court asserts an arrearage of $10,411.02.  The Proof of Claim's supporting documentation identifies the following questionable fees and costs which have been charged to the Plaintiffs' account:

- Regular monthly installments                     $8,043.81
  May 20, 2006, through December 18, 2006

- Late Charges                                              $320.41

- Pre-petition Attorney fees and Costs          $1861.80

- Other pre-petition fees, expenses              $185.00
  and charges as reflected in 1A above
  [Inspection fees, Appraisal fees,
  NSF Check Charges, and Other Charges]

19.   The sworn Proof of Claim fails to credit to the Plaintiffs' account the sum of $2796.08 in continuing monthly mortgage payments made between the months of May 2006 and August 2006.

20.   According to a transaction history provided to Plaintiffs' attorney, Defendant charged $905.80 in pre-petition attorney's fees and costs against the Plaintiffs' mortgage account on January 11, 2007; nearly one month after this present case was filed.  Furthermore, according the transaction history, no other pre-petition attorney's fees were charged against the Plaintiffs' mortgage account before this case was filed.

21.   Additionally and specifically, said transaction history indicates that the pre-petition attorney's fees were charged to a corporate suspense account which includes such other fees as bankruptcy attorney fees/costs totaling $474.04 and property inspection fees charged to the account post petition.

22.   Plaintiffs aver, upon information and belief, that the $1861.80 listed in ASC's proof of claim is, in fact, the corporate suspense account listed on the transaction history and includes post petition attorneys' fees and costs and various other legacy fees.

4

23.   Rule 2016(a) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that:  "An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."

24.   Plaintiffs aver, upon information and belief, that ASC is attempting by fraud, deceit and abuse of the bankruptcy process to charge legal fees and expenses to the Plaintiffs that are unlawful, illegal, excessive and otherwise void.

25.   The Plaintiffs believe and therefore allege that the actions of ASC in this case constitute an unlawful attempt to collect a debt from the Plaintiffs in violation of the automatic stay and in a manner totally inconsistent with the Chapter 13 Plan and the Federal Rules of Bankruptcy Procedure.

26.   Plaintiffs' note contains an adjustable rate provision that provides that the Plaintiffs' interest rate "**may** change on the 20th day of April, 2006, and on that day every sixth month thereafter."  (Emphasis added) (See attached Plaintiff's Exhibit "B" incorporated herein by this reference).

27.   Additionally, Section 4(f) of the note requires that the "Note Holder will deliver or mail to [Plaintiffs] a notice of any changes in my interest rate and the amount of my monthly payment before the effect date of any change."

28.   According to a Customer Account Activity Statement provided to Plaintiffs' attorney by the Defendant, the Plaintiffs interest rate increased, in or around April of 2006, from 7.60% to 10.6% and their monthly payment amount increased from $699.02 monthly to $905.21. (See attached Plaintiffs' Exhibit "C" incorporated herein by this reference).

29.   Plaintiffs allege that at no time prior to April of 2006 did Defendant "deliver or mail" or otherwise provide a notice of a change to their interest rate or monthly payment amount as required by their mortgage note.

5

30.   Plaintiffs continued to make their regular monthly payments to their mortgage account up to the month of October 2006 when they were informed in a telephone conversation with an ASC agent that their home had been placed in foreclosure.

31.   The Plaintiffs affirmatively state that prior to September of 2006 they had made every mortgage payment they knew was due under their contract and maintained appropriate and continuous insurance coverage.

32.   The Plaintiffs allege that because they maintained continuous insurance coverage and paid their continuing mortgage payments as stated in paragraph 30 above, any fees and charges assessed against their mortgage account including, but not limited to, foreclosure fees and costs, attorneys fees and costs, late charges, inspection fees, appraisal fees, etc. are neither necessary nor appropriate and were assessed in violation of their mortgage agreement.

33.   The Plaintiffs allege that even though they have  maintained continuing insurance coverage on their home and have budget for said expense on Schedule J  filed with this Court ASC nonetheless issued what is purported to be an Escrow Account Statement in December of 2007.(See attached Plaintiffs' Exhibits "D1" and "D2" incorporated herein by this reference).

34.   Plaintiffs are informed and believe and therefore allege that ASC diverted their monthly mortgage payments to an escrow account to pay their insurance premiums.

35.   The Plaintiffs aver that ASC, upon being informed by the Plaintiffs that they had maintained continuous insurance coverage on their home, retrieved the funds paid on the force placed insurance and placed them in a suspense account.

36.   In or around April of 2007, the Plaintiffs attempted to pay their home owners insurance premium for the year beginning on April 2007 through May 2008 but were informed by their insurance agent that ASC had already paid the premiums.

37.    On or about February 5, 2007, counsel for the Plaintiffs caused a qualified written request (hereinafter "QWR") to be sent to ASC at P.O. Box 10328, Des Moines, IA 50306, pursuant to the RESPA.

38.    Defendant answered Plaintiffs QWR by letter dated February 28, 2007, within the sixty (60) deadline required by RESPA.

39.    The QWR requested various documents be presented to Plaintiffs' counsel including, but not limited, to the following: mortgage pooling and servicing agreement, and all servicing, master servicing, sub-servicing, contingency servicing, special servicing, or back-up servicing agreements with respect to this account.

40.    ASC responded to these requests with a general denial stating that "Any Information you requested that has not been provided, [sic] is privileged ASC information and can not be released."

41.    The Plaintiffs believe and therefore allege that the information requested in the QWR has been filed as a public record with the United States Securities and Exchange Commission by ASC and is therefore not privileged and by no standard confidential

42.    Furthermore, the Plaintiffs believe and therefore allege that one or all of the documents requested in the QWR will outline, among other things, specific loss mitigation and foreclosure avoidance measures available to the Plaintiffs , including, for example, forbearance and loan modification, principal reductions, interest reductions and interest changes.  As such, the Plaintiffs  asserts that they are entitled to a review of these documents as third party beneficiaries.

43.    The Plaintiffs have been and continue to be damaged by the Defendants' actions in that they have been and continue to be forced to expend their time and expenses toward the defense of this contested matter and have feared losing their residential rental property.

44.    The Plaintiffs seek a Declaratory Judgment on the facts of this case and request the Court to enjoin the Defendant from engaging in the conduct complained of herein, to award damages and legal fees to the Plaintiff, including punitive damages, and for such other and further relief as the Court may seem just and proper.

45.    The Plaintiffs reserve the right, subject to Court approval, to amend these pleadings, add other allegations, and move for damages.

**First Claim for Relief**
**(Sections 105 and 506 of Title 11 of the United States Code)**

46.    The allegations in paragraphs 1 through 45 of this complaint are realleged and incorporated herein by this reference.

47.    The actions of Defendant -- in failing to properly service the loan and in charging to the account of Plaintiff fees which have not been approved by the bankruptcy court pursuant to Section 506(b) and Rule 2016 -- constitute a willful or negligent violation of Defendant's duties to Plaintiff.

48.    As a result of the above violations, the Defendant is liable to Plaintiff for actual damages, punitive damages and legal fees.

**Second Claim for Relief**
**(Improper and Unauthorized Fees)**

49.    The allegations in paragraphs 1 through 48 of this complaint are realleged and incorporated herein by this reference.

50.    The Plaintiffs aver, upon information and belief, that the actions alleged herein are acts in violation of Section 506 of Title 11 of the United States Code as the bankruptcy-related fees charged by the Defendant were not part of the underlying agreement by and between the holder of the loan and the Plaintiff, and the fees and costs are otherwise unreasonable and excessive.

51.    As a result of the above violation, Defendant is liable to Plaintiff for actual damages, punitive damages and legal fees.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

52.   The allegations in paragraphs 1 through 51 of this complaint are realleged and incorporated herein by this reference.

53.   The Defendant, as a servicer of this mortgage and not the true owner and holder of the note, is subject to and has violated the FDCPA.  Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d. Defendant has demanded an amount due from Plaintiffs which is inaccurate and inflated, and in violation of any contract between the parties.  As such, Defendant has violated Section 1692e and Section 1692f

54.   As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, and attorney's fees.

### Fourth Claim for Relief
### (Contempt of the Automatic Stay)

55.   The allegations in paragraphs 1 through 54 of this complaint are realleged and incorporated herein by this reference.

56.   The actions of the Defendant in imposing improper, unauthorized and unapproved fees and charges to the Plaintiffs' mortgage loan account and by continuing to hold funds paid by the Plaintiffs as monthly mortgage payments in suspense and using said funds, or a portion thereof, to pay Plaintiffs' non-escrowed insurance premiums constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

57.   As a result of the above violations of 11 U.S.C. Section 362, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees.

### Fifth Claim for Relief
### (Real Estate Settlement and Procedures Act)

58.    The allegations in paragraphs 1 through 57 of this complaint are realleged and incorporated herein by this reference.

59.    The Defendant is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

60.    Notwithstanding the timely acknowledgement and response of ASC to the Plaintiffs' QWR, ASC failed to comply with Section 2605(e)(2)(C)(i) of Title 12 of the United States Code by providing false statements in response to the Plaintiffs' requests.

61.    Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Req. X, the Plaintiffs may recover from the Defendant actual damages, costs and reasonable attorney's fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

### Sixth Claim for Relief
### (Breach of Contract and Breach of Duty of Good Faith and Fair Dealing)

62.    The allegations in paragraphs 1 through 61 of this complaint are realleged and incorporated herein by this reference.

63.    The relationship between the parties is governed by a mortgage contract.  The contract imposes upon the parties the duty, *inter alia*, of good faith and fair dealing.

64.    Defendant has imposed or collected amounts that are not authorized by contract including but not limited to force-placed insurance premiums and interest thereon, default-related fees, costs and charges.

65.    Defendant has misapplied or failed to apply payments, or imposed finance charges and other charges not due, all in breach of its contract with Plaintiffs.

66.    In addition to breaching the contract generally, Defendant's conduct as aforesaid breaches the duty of good faith and fair dealing.

67.    As a result of the above breaches of contract, Defendant is liable to Plaintiffs for actual damages, costs and attorney fees.

**Seventh Claim for Relief**
**(Breach of Contract – Wrongful Foreclosure)**

68.    The allegations in paragraphs 1 through 67 of this complaint are realleged and incorporated herein by this reference.

69.    The relationship between the parties is governed by a mortgage contract that contains a variable rate note.  The variable rate note, pursuant to section 4(f), imposes a duty upon the Defendant to notify the Plaintiffs of "any changes in the interest rate and amount of the monthly payments before the effective date of any change."  Additionally, said notice must contain "the title and telephone number" of someone who can answer any questions that the Plaintiffs may have regarding the change to the mortgage payment and interest rate.  Furthermore, pursuant to section 15 of the mortgage document, all notices must be provided in writing.

70.    Defendant failed to notify the Plaintiffs as required by the mortgage documents prior to the April 2004 increase in the interest rate and monthly payments.

71.    Defendant's failure to notify the Plaintiffs of the change in interest rate and increase in monthly payments resulted in the Plaintiffs continuing to pay the monthly amount of $699.02, the contract rate prior to the April 2004 "change date," until October of 2006.  As such, Defendant's conduct directly caused the Plaintiffs' alleged default under the note which resulted in their home being placed in foreclosure status.

72.    As a result of the above breaches of contract, Defendant has waived its right to collect payments from the Plaintiffs under the enhanced interest rate and increased monthly payments.  Additionally, Defendant is liable to Plaintiffs for actual damages, costs and attorney fees.

**WHEREFORE,** the Plaintiffs, having set forth their claims for relief against the Defendant, respectfully pray of the Court as follows:

A.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C.    That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D.    That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E.    That this Court order the Defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

F.    That this Court declare the Defendant's lien avoided in full and that all claims of Defendant be disallowed;

G.    That the Plaintiff have such other and further relief as the Court may deem just and proper.

Dated this the 12th day of June 2007.


_____/s/ Joel G. Hargis_____
Joel G. Hargis Bar # 2004-007
Crawley & DeLoache of Central Arkansas, PLLC
Attorney for the Debtors
1008 West Second Street
Little Rock, AR 72201
PH:  (501) 374-3092
FX:  (501) 374-0678